UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21242-CV-MOORE
MAGISTRATE JUDGE REID

JAMIE KNOWLES,

      Plaintiff,

v.

MARK INCH et al.,

      Defendants.

## REPORT OF MAGISTRATE JUDGE

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983, [ECF No. 1], which the undersigned has screened under 28 U.S.C. § 1915(e). As discussed below, the complaint should be allowed to proceed in part and dismissed in part.

### I.    Material Factual Allegations

On March 21, 2018, plaintiff was incarcerated at Dade Correctional Institution. [ECF No. 1 at 2[1]]. On that day, he exited "quad 2" and jogged "around the sally port area" "to declare a psychological emergency." [*Id.*] Plaintiff pushed Sgt. Barnett into the wall, after which Sgt. Barnett redirected him to the ground. [*Id.*

---

[1] All citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

1

at 3]. As plaintiff lay there with his hands behind his back, "numerous unknown correctional officers" jumped on him. [*Id.*]

As he escorted the handcuffed plaintiff away, Sgt. Barnett slammed plaintiff's head into a concrete wall causing a laceration to plaintiff's head. [*Id.* at 3-4]. The injury bled profusely and required stitches. [*Id.* at 4]. It also caused plaintiff's "head to be permanently swollen and disfigured." [*Id.*]

Plaintiff was handed over to Lt. Masso, who immediately slammed him "back to the concrete sidewalk." [*Id.* at 5]. As Lt. Masso pinned him down, Sgt. Joseph, Officer McCloud, and "several other unknown officers" kicked and stepped on him while he was handcuffed. [*Id.*] Further, Lt. Masso twice slammed plaintiff's head into the concrete sidewalk, causing one or more lacerations and a permanent knot on his forehead. [*Id.* at 6]. Additionally, Lt. Masso "smashe[d]" plaintiff's head, which "scratche[d] the skin right off the top of the right eyebrow[] and [gave] [p]laintiff an abrasion on the nasal bone." [*Id.* at 6-7].

Plaintiff was taken to two showers. [*Id.* at 7-8]. "[I]nstead of . . . taking [p]laintiff to get [immediate] medical attention for [his] life[-]threatening injuries," Lt. Masso, Officer McCloud, and "unknown Defendants" took him to a cell. [*Id.* at 8].

Eventually, plaintiff was taken to medical. [*Id.* at 9]. Because of the severity of plaintiff's injuries, "he had to be airlifted to [the hospital]." [*Id.* at 9-11].

## II.     Standard Under 28 U.S.C. § 1915(e)

"[Section] 1915(e) . . . applies to cases in which the plaintiff is proceeding IFP." *Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003) (per curiam). Under 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal--
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam). Furthermore, courts hold complaints that *pro se* prisoners file to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Nonetheless, under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   Discussion

A.   Excessive Force

To establish a claim for excessive force based on a prison official's use of force, the prisoner must show that the official applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Courts consider the following nonexhaustive list of factors to determine whether a prison official's use of force on an inmate is malicious and sadistic: (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the threat

reasonably perceived by the responsible officials; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the inmate's injury, if any. *Id.* at 7.

Here, based on a straightforward application of these factors, plaintiff has adequately alleged an excessive force claim against Sgt. Barnett, Sgt. Joseph, Lt. Masso, and Officer McCloud.

Plaintiff also alleges that "unknown" officers "jumped on him" and kicked and stepped on him when he was on the ground handcuffed. [ECF No. 1 at 3, 5]. This allegation may potentially state an excessive force claim.

Plaintiff has also claimed unknown officers caused his injuries. Yet, "fictitious-party pleading is [generally] not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). To raise a sufficient claim against the unknown officers, plaintiff must "adequately describe[] the person to be sued so that the person [can] be identified for service." *Dean v. Barber*, 951 F.2d 1210, 1215 n.6 (11th Cir. 1992). Plaintiff's isolated allegation that the unknown officers kicked and stepped on him does not meet this standard.

Accordingly, the court should dismiss plaintiff's excessive force claim against the unknown officers without prejudice. If the case proceeds to discovery and plaintiff discovers their identities, he may then seek leave to file any proper amended complaint.

Plaintiff has not stated a cognizable excessive force claim against any other defendant or individual or entity mentioned in the complaint. Plaintiff has not adequately alleged that any of these parties had any personal involvement in the alleged excessive force. *See Iqbal*, 556 U.S. at 677 (under § 1983, "each Government official . . . is only liable for his or her own misconduct").

To the extent plaintiff attempts to assert a supervisory liability claim against any other party, he has not pleaded "multiple [prior] incidents" or "multiple reports of prior misconduct by a particular employee." *See Piazza v. Jefferson Cty., Ala.*, 923 F.3d 947, 957 (11th Cir. 2019) (citations omitted).

The Eleventh Amendment bars any claim for damages against defendants Mark Inch and the Florida Department of Corrections ("FDOC"). *Compare Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." (citation omitted)), *with Henry v. Fla. Bar*, 701 F. App'x 878, 880 (11th Cir. 2017) (per curiam) ("Congress has not abrogated Eleventh Amendment immunity in 42 U.S.C. §§ 1981, 1983, or 1985 cases, and Florida has not waived its Eleventh Amendment immunity in federal civil rights actions." (citations omitted)), *and Wayne v. Fla. Dep't of Corr.*, 157 F. Supp. 3d 1202, 1204

(S.D. Fla. 2016) (the FDOC is an "arm" of the state of Florida for Eleventh Amendment purposes (citations omitted)).[2]

B.   Deliberate Indifference to Medical Needs

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted). "First, the plaintiff must prove an objectively serious medical need." *Id.* (citation omitted). "Second, the plaintiff must prove that the prison official acted with deliberate indifference to that need." *Id.* (citation omitted).

Here, plaintiff has adequately alleged that he had objectively serious medical needs. Thus, the issue is whether he has adequately alleged that any party was deliberately indifferent to those needs.

Plaintiff alleges that Lt. Masso and Officer McCloud took him to showers after the assault rather than to medical even though they knew the severity of his injuries, thereby delaying his medical treatment. [ECF No. 1 at 7-9]. Thus, he has adequately alleged that Lt. Masso and Officer McCloud "intentionally den[ied] or delay[ed] [plaintiff] access to medical care," which states a medical deliberate

---

[2] Plaintiff's official-capacity claims against the remaining defendants, [ECF No. 1 at 16], must be dismissed for the same reason, *see Graham*, 473 U.S. at 169 ("[The Eleventh Amendment] remains in effect when State officials are sued for damages in their official capacity." (citations omitted)); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citations omitted). Plaintiff does not seek "prospective injunctive relief." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (citations omitted); *see also* [ECF No. 1 at 21-24 (seeking compensatory damages)].

indifference claim. *See Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 700 (11th Cir. 2013) (per curiam) (citation omitted).

While plaintiff makes similar allegations against "unknown Defendants," these allegations are conclusory and he does not adequately identify these parties. [ECF No. 1 at 8]. Thus, any medical deliberate indifference claims against these defendants should be dismissed without prejudice.

Plaintiff has not adequately alleged that Sgt. Barnett, Warden Jones, "psych doctor Mr. Rodriguez," Sgt. Joseph, Officer Green, Sgt. Rodriguez, or Officer Hinson displayed deliberate indifference to his medical needs. *See* [ECF No. 1 at 7-11]. His allegations regarding these parties are too vague and conclusory to support a reasonable inference that they "intentionally den[ied] or delay[ed] [him] access to medical care." *See Faulkner*, 523 F. App'x at 700.

Nor has plaintiff stated a cognizable medical deliberate indifference claim against any of the medical providers--most of whom are unnamed--he mentions in his complaint. *See* [ECF No. 1 at 9-12]. Indeed, plaintiff's allegations impel the inference that these parties provided medical treatment for his injuries and appropriately had him airlifted to the hospital, where he received further treatment. *See* [*id.*]

Similarly, plaintiff's apparent medical deliberate indifference claim against defendant "Centerion Health Services" is not cognizable. Any claim against this

defendant based on the conduct of Lt. Masso, Officer McCloud, or any other party would not be viable. *See Harvey v. Harvey*, 949 F.2d 1127, 1129 (11th Cir. 1992) (private corporations cannot be vicariously liable under § 1983). Indeed, plaintiff has not even identified which party or parties Centerion allegedly employed. Furthermore, plaintiff has not alleged that a custom or policy of Centerion caused the alleged medical deliberate indifference violation. *See Craig v. Floyd Cty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). His largely conclusory allegations are not amenable to this inference.

C. <u>Due Process</u>

Plaintiff appears to attempt to state a due process claim based on receiving a false disciplinary report and sixty days of confinement for the use-of-force incident. *See* [ECF No. 1 at 13-14]. Plaintiff also appears to complain about lost grievances and/or the inspector general's investigation of the incident. *See* [*id.* at 14].

None of these apparent due process claims is cognizable. There is no general due process right to be free from disciplinary confinement based on a false disciplinary report. *See Rodgers v. Singletary*, 142 F.3d 1252, 1252-53 (11th Cir. 1998). Rather, to show an entitlement to a disciplinary hearing with the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974), the prisoner must satisfy the test in *Sandin v. Conner*, 515 U.S. 472 (1995). *See Jacoby v. Baldwin Cty.*, 835 F.3d 1338, 1346-47 (11th Cir. 2016); *Rodgers*, 142 F.3d at 1253.

Under *Sandin*, the prisoner must show that the confinement (1) "exceed[ed] [his] [criminal] sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force," or (2) "impose[d] [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484 (citation omitted).

Here, plaintiff does not allege either of these conditions. Furthermore, he admits that he received a disciplinary hearing. [ECF No. 1 at 13; ECF No. 1-1 at 23]. Thus, he has not adequately alleged a due process claim based on the issuance of a disciplinary report and imposition of confinement.

The conclusory allegation of lost grievances fails to state a due process claim. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam) ("[A] prison grievance procedure does not provide an inmate with a constitutionally protected interest[.] . . ."). The conclusory allegation of interference with his inspector general complaint is likewise insufficient. *See Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002).

In sum, plaintiff has not adequately alleged a due process claim.

## IV.    Conclusion

As discussed above, it is recommended that plaintiff's complaint be allowed to proceed in part and dismissed in part. As a result:

- Plaintiff should be allowed to proceed on his individual-capacity excessive force claim against Sgt. Barnett, Sgt. Joseph, Lt. Masso, and Officer McCloud.

- Plaintiff's individual-capacity excessive force claim against the unknown officers should be dismissed *without prejudice* as specified above.

- Plaintiff's individual-capacity excessive force claim should be dismissed *with prejudice* as to all remaining defendants/parties.

- Plaintiff should be allowed to proceed on his individual-capacity medical deliberate indifference claim against Lt. Masso and Officer McCloud.

- Plaintiff's individual-capacity medical deliberate indifference claim against the unknown defendants should be dismissed *without prejudice* as specified above.

- Plaintiff's individual-capacity medical deliberate claim should be dismissed *with prejudice* as to all remaining defendants/parties.

- Plaintiff's due process claims should be dismissed *with prejudice*.

- Plaintiff's official-capacity claims should be dismissed *with prejudice*.

- The following named defendants should be terminated as parties: (1) Mark Inch; (2) FDOC; (3) Warden Colon; (4) Centerion Health Services; and (5) Sgt. Rodriguez.

SIGNED this 4th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

Jamie Knowles
M86421
Miami-Dade County-PDC
Pretrial Detention Center
Inmate Mail/Parcels
1321 NW 13th Street
Miami, FL 33125
PRO SE