UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-21242-KMM

JAMIE KNOWLES,

    Plaintiff,

v.

MARK INCH, *et al.*,

    Defendants.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *pro se* Plaintiff Jamie Knowles' ("Plaintiff") Civil Complaint pursuant to 42 U.S.C. § 1983. ("Compl.") (ECF No. 1). The Court referred the matter to the Honorable Lisette M. Reid, United States Magistrate Judge, who issued a Report and Recommendation recommending that Plaintiffs claims for excessive force and medical deliberate indifference claims survive against certain Defendants in their individual capacities, while all remaining claims be DISMISSED. ("R&R") (ECF No. 8). Petitioner did not file objections and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff is incarcerated at Dade Correctional Institution ("DCI"). Compl. at 2. On the morning of March 21, 2018, Plaintiff jogged out of the dormitory area to "declare a psychological emergency." *Id.* Plaintiff encountered Defendant Barnett and "forcibly pushed" him into a wall. *Id.* at 3. Defendant Barnett proceeded to place Plaintiff on the ground and sit on Plaintiff to immobilize him. *Id.* Plaintiff "roll[ed] his body to the right," resulting in Defendant Barnett hitting his forehead on the floor. *Id.* Then, "numerous unknown correctional officers" arrived on the

scene and began jumping on Plaintiff while he was handcuffed. *Id.* Defendant Barnett removed Plaintiff and slammed his head into a concrete wall, causing a laceration for which Plaintiff later received stitches and permanent disfigurement. *Id.* at 3–4. As Defendant Barnett continued walking Plaintiff through DCI, Plaintiff was bleeding profusely. *Id.* at 4.

At some point, Defendant Masso takes over for Defendant Barnett, and "immediately slams Plaintiff" into the concrete sidewalk. *Id.* at 5. Defendant Masso then pins Plaintiff to the ground while "Defendant Joseph, Defendant McCloud, and several other unknown officers [began] kicking and stepping on Plaintiff . . . ." *Id.* Defendant Masso then slams Plaintiff's head into the sidewalk multiple times, worsening his existing injury. *Id.* at 5–7. At this point, Plaintiff is "badly disfigured beyond the point of recognition." *Id.* at 7. Defendants take Plaintiff to two separate shower areas to wash the blood off Plaintiff, but he cannot maintain his balance and repeatedly falls to the ground. *Id.* at 7–8. Rather than taking Plaintiff to receive medical attention, Defendants Masso, McCloud, and unknown officers place Plaintiff in a cell. *Id.* at 8. When Plaintiff is eventually brought to receive medical attention, it is determined that Plaintiff must be "airlifted to Jackson Memorial South." *Id.* at 9–11.

As set forth in the R&R, Magistrate Judge Reid recommends that Plaintiff be allowed to proceed on his individual-capacity excessive force claims against Defendants Barnett, Joseph, Masso, and McCloud, as well as his individual-capacity medical deliberate indifference claim against Defendants Masso and McCloud, but that Plaintiff's remaining claims be dismissed. *See generally* R&R. First, Magistrate Judge Reid finds that the Complaint sets forth a claim for excessive force against the named prison officials upon a "straightforward application" of the factors set forth in *Hudson v. McMilian*. *Id.* at 4–5. However, Magistrate Judge Reid noted that the excessive force claim could not be sustained against the unknown Defendants because

fictitious-party pleading is generally impermissible. *Id.* at 5.  Further, Magistrate Judge Reid finds that the claim must be dismissed against Defendants Mark Inch and the Florida Department of Corrections ("FDOC") because the Eleventh Amendment to the United States Constitution bars claims against the states that have not waived immunity in federal civil rights actions. *Id.* at 6–7.

Second, as to medical deliberate indifference, Magistrate Judge Reid finds that Plaintiff alleged that he had serious medical needs and that Defendants Masso and McCloud purposefully delayed his treatment despite being aware of the severity of Plaintiff's injuries. *Id.* at 7–8. However, Magistrate Judge Reid again recommends dismissal of un-named Defendants, as well as remaining Defendants which Plaintiff does not allege had any role in delaying his treatment. *Id.* at 8–9.

Third, Magistrate Judge Reid finds that to the extent Plaintiff attempts to state a due process claim based on receiving a disciplinary report after the incident, no cognizable claim is so stated. *Id.* at 9.  Magistrate Judge Reid notes that Plaintiff failed to show that any period of confinement exceeded his sentence, or that the discipline imposed an atypical and significant hardship on Plaintiff. *Id.* at 10.  Further, Magistrate Judge Reid finds that the disciplinary hearing afforded to Plaintiff after the incident was sufficient for the purposes of due process.  The Court agrees.

Accordingly, UPON CONSIDERATION of the Complaint, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Reid's Report and Recommendation (ECF No. 8) is ADOPTED.  It is further ORDERED:

1. Plaintiff's claims for excessive force and medical deliberate indifference against unknown and unnamed Defendants are DISMISSED WITHOUT PREJUDICE,

2. Plaintiff's claims (a) for violations of due process, (b) against any Defendant in their official capacity, and (c) for medical deliberate indifference against Defendants Barnett and Joseph are DISMISSED WITH PREJUDICE, and

3. Plaintiff's claims against Defendants Mark Inch, FDOC, Warden Colon, Centerion Health Services, and Sgt. Rodriguez are DISMISSED WITH PREJUDICE.

The Clerk of the Court is INSTRUCTED to TERMINATE Defendants Mark Inch, FDOC, Warden Colon, Centerion Health Services, and Sgt. Rodriguez as parties to this case. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff is granted leave to file an amended complaint on or before forty-five (45) days from the date of this Order. Failure to do so may result in dismissal of the matter. *See* Fed. R. Civ. P. 41(b); *Lewis v. Fla. Dep't of Corr.*, 739 F. App'x 585, 586 (11th Cir. 2018).

DONE AND ORDERED in Chambers at Miami, Florida, this  19th  day of February, 2021.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record